IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN JEFFERY BRACE,
Petitioner,

vs. Case No.: 3:16cv147/LAC/EMT

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY,
Respondent.
_______________________________/

**REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 17). Petitioner responded in opposition to the motion (*see* ECF No. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 17).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2007-CF-6277, with one count of aggravated white collar crime (Ex. A at 7–8). On October 23, 2008, Petitioner entered a written plea agreement with the State, pursuant to which he agreed to enter a "straight up" guilty plea to the charge, meaning, with no agreement as to his sentence (*id*. at 155–57). The state court accepted Petitioner's plea (*id.* at 136–52). On January 21, 2009, the court sentenced Petitioner to a split sentence of twenty-five (25) years in prison followed by five (5) years of probation, with pre-sentence jail credit of 414 days (*id.* at 169–222, 228–42). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-1216 (*see* Ex. A at 243). The First DCA initially dismissed the appeal as premature (Ex. B), but then rescinded the opinion. Brace v. State, 39 So. 3d 338 (Fla. 1st DCA 2010) (Mem), *opinion*

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 17) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

*withdrawn by* Brace v. State, No. 1D09-1216, 2012 WL 5278524 (Fla. 1st DCA Oct. 18, 2012). The appellate court reinstated the appeal on October 5, 2012 (Ex. C). Brace v. State, 98 So. 3d 721 (Fla. 1st DCA 2012) (Mem). The First DCA affirmed the judgment per curiam without written opinion on May 28, 2013 (Ex. D). Brace v. State, 114 So. 3d 939 (Fla. 1st DCA 2013) (Table). The mandate issued June 25, 2013 (Ex. E).[2]

On June 23, 2014, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. P at 1–4). Petitioner filed an amended motion on September 22, 2014 (*id.* at 39–51). The state circuit court dismissed the motions on October 2, 2014, for failing to include an oath that complied with the requirements of Rule 3.850(c) and (n) (*id.* at 52–53). The court granted Petitioner leave to file an amended motion within sixty (60) days (*id.*). Petitioner filed additional documents in an attempt to correct the oath (*see id.* at 54–55). On December 15, 2014, the circuit court issued another order finding that the additional documents were insufficient to correct the deficiencies in the oath (*id.*). The court

[2] During the pendency of the direct appeal, Petitioner filed several motions and petitions challenging the judgment, including a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Exs. F, H, J, M). Each of those applications reached final disposition prior to June 25, 2013 (*see* Exs. K, L, N, O). Those applications are irrelevant to the calculation of the federal limitations period and thus are not included in this Procedural History section.

provided Petitioner an additional sixty (60) days to file an amended Rule 3.850 motion with a sufficient oath (*id.*). Petitioner filed an amended Rule 3.850 motion on March 16, 2015 (*id.* at 60–69). He filed another amended motion on April 22, 2015 (*id.* at 112–31). On May 11, 2015, the circuit court struck the motions as insufficiently pled, with leave to file an amended motion within sixty (60) days (*id.* at 170–71). Petitioner filed a timely amended motion (*id.* at 172–97). The court summarily denied the amended Rule 3.850 motion on September 22, 2015 (*id.* at 237–45). Petitioner appealed the decision to the First DCA, Case No. 1D15-5023 (*id.* at 293). On February 5, 2016, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. Q). Brace v. State, 184 So. 3d 519 (Fla. 1st DCA 2016) (Table). The mandate issued March 2, 2016 (Ex. R).

Petitioner filed this federal habeas case on March 31, 2016 (ECF No. 1).

## II. ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 17 at 4; ECF No. 19). The judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run

shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on May 28, 2013, and it expired 90 days later, on August 26, 2013. The federal statute of limitations began to run the next day, on August 27, 2013. Petitioner had one year from that date, or until August 27, 2014, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).[3]

The time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. 28 U.S.C. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules

[3] As previously noted, prior to the "finality date" of the judgment Petitioner filed several post-conviction motions and petitions (*see* Exs. F, H, J, M). Each of those applications reached final disposition prior to August 26, 2013, the "finality date" of the judgment (*see* Exs. K, L, N, O). Therefore, none of those applications affect the calculation of the federal limitations period.

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) (footnote omitted). Generally, state rules establishing filing conditions fall within the meaning of "properly filed" under § 2244(d)(2). *See* Kearse v. Sec'y, Fla. Dep't of Corr., 736 F.3d 1359, 1364 (11th Cir. 2013) (citing Allen v. Siebert, 552 U.S. 3, 6, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007)). "Filing conditions encompass more than merely the conditions necessary 'to get a clerk to accept [a] legal petition,' and include requirements that 'often necessitate judicial scrutiny.'" Jones v. Sec'y, Fla. Dep't of Corr., 499 F. App'x 945, 950 (11th Cir. 2012) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414–15, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).

In this case, the first application for post-conviction relief filed by Petitioner after August 26, 2013, was a Rule 3.850 motion filed on June 23, 2014. The parties agree that the state court dismissed the motion, without prejudice to Petitioner's re-filing, because it did not contain an oath that complied with Florida's oath requirement (*see* ECF No. 17 at 5; ECF No. 19 at 2).

Where, as here, the Florida state court determines that the post-conviction motion contains an oath, but that oath is insufficient under state rules and laws, the

federal courts will generally defer to that determination.[4] *See* Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975); *see also* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (deferring to state court's determination that petitioner's Rule 3.850 motion was not properly verified as required by Florida law, and concluding that the motion was not "properly filed" under § 2244(d)(2)); *see also, e.g.,* Jones, 499 F. App'x at 950 (same) (unpublished but recognized as persuasive authority); Delguidice v. Fla. Dep't of Corr., 351 F. App'x 425, 428–29 (11th Cir. 2009) (petitioner's first state-court motion for post-conviction relief was not properly

---

[4] That the state court found that Petitioner's motion contained an oath, but the oath failed to comply with the requirements of Rule 3.850, distinguishes the instant case from Kearse. In Kearse, the petitioner sent a Motion to Vacate Judgments of Conviction and Sentence with Special Request for Leave to Amend ("Motion") together with a one-page verification ("Verification") via Federal Express to the state court. 736 F.3d at 1360, 1363. Both documents were in the same envelope, and the Verification unambiguously referred to Motion. *Id.* The clerk of court entered the two documents (the Motion and the Verification) together as one document on the court's docket. *Id.* The state court dismissed the Motion for failure to include the required oath. *Id.* at 1361. The Eleventh Circuit held that the state court's factual finding, that the petitioner's Motion did not contain his Verification, could be rebutted with clear and convincing evidence, pursuant to § 2254(e)(1). *Id.* at 1363. The court determined that the petitioner had rebutted the court's factual finding, because the state court record demonstrated that the Motion and the Verification were received by the court in the same envelope and date stamped together; the clerk entered the two documents as one document in the index of the record; and the Verification unambiguously referred to "the foregoing Motion." *Id.* The Eleventh Circuit thus concluded that the state court's factual finding, that the Motion did not contain an oath, was incorrect and not entitled to deference.

Here, the issue was not a factual issue of whether Petitioner's Rule 3.850 motion contained an oath (the state court correctly found that it did); rather, the issue was whether the oath complied with the legal requirements of Rule 3.850, which is a legal matter, not a factual one.

filed where motion failed to comply with state's written oath requirement, and petitioner failed to show that oath requirement was not firmly established and regularly followed rule).

A post-conviction motion which is not "properly filed" under state law does not toll the limitations period under the AEDPA; and this is so even if the state court accepts the motion or dismisses it without prejudice to the movant's re-filing a properly sworn motion. *See* Hurley, 233 F.3d at 1298 (motion not "properly filed" even though state court dismissed it without prejudice to petitioner's re-filing properly sworn motion); *see also* Jones, 499 F. App'x at 948, 950–51 (same); *see also, e.g.*, Delguidice, 351 F. App'x at 428–29 (petitioner's first state-court motion for post-conviction relief was not properly filed, where motion failed to comply with state's written oath requirement, even though state court accepted the motion and did not dismiss it as improperly filed).

Here, Petitioner's Rule 3.850 motion was not "properly filed" because the oath did not comply with Florida's oath requirements, as determined by the state post-conviction court.[5] For this reason, the Rule 3.850 motion filed on June 23, 2014,

[5] Florida's Rule 3.850 requires that the motion "be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct." Fla. R. Crim. P. 3.850(c). The Rule further provides, in relevant part:

did not toll the running of the limitation period for filing the § 2254 petition for habeas relief.

Because no properly filed application for post-conviction or other collateral review was filed prior to August 27, 2014, the date the federal limitations period expired, Petitioner's § 2254 petition was not timely filed in this court.

---

> **(n) Certification of Defendant; Sanctions.** No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.
>
> . . . .
>
> (2) The defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. . . . Failure to include this information and certification in a motion shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3).

Fla. R. Crim. P. 3.850(n)(2).

Additionally, Florida's Rule 3.987 provides a model form for use in motions for post-conviction relief filed pursuant to Rule 3.850. The form in existence at the time Petitioner filed his Rule 3.850 motion, on June 23, 2014 (*see* Ex. P at 1–4), provided the following unnotarized oath option:

> 2. Unnotarized Oath.
>
> > Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true.
> > (your signature)

Fla. R. Crim. P. 3.987 (effective January 1, 2001 to January 1, 2016).

The Rule 3.850 motion filed by Petitioner on June 23, 2014, stated, "under penalty of perjury and § 92.525(2) Fla. Stat., I swear and affirm the foregoing to be true, correct, and made in good faith . . . ." (Ex. P at 4). Petitioner's oath did not certify that he had read the motion, as required under Rule 3.850(c).

Petitioner has not shown he is entitled to review of his time-barred petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the petition dismissed as untimely.

## III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El, 537 U.S. at 336 (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here,

Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 17) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of May 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**